IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE MARQUEZ, ANGEL CHILLOGALLO, and GERMAN ORTEGA, on behalf of themselves and others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:16-cv-7009 |
| v. | ) ) ) | |
| PAULYS PIZZARIA GRAND, INC., d/b/a TORTORICE'S PIZZA, BILL LOUMBARDIAS, and BILL LITSOGIANNIS, | ) ) ) ) ) | JURY DEMANDED |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiffs Jose Marquez, Angel Chillogallo, and German Ortega complain against Defendants Paulys Pizzaria Grand, Inc., d/b/a/ Tortorice's Pizza ("Tortorice's"), Bill Loumbardias ("Loumbardias"), and Bill Listogiannis ("Litsogiannis") (collectively, "Defendants"), alleging claims under the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), and the City of Chicago Minimum Wage Ordinance ("the Ordinance").

### Introduction

1. This Complaint arises from Defendants' misclassification of Plaintiffs as independent contractors rather than employees. For years, Defendants – which operate multiple Tortorice's pizza restaurants – have classified their pizza delivery drivers as independent contractors rather than employees. They have classified their drivers in this manner despite exerting significant control over how the drivers perform their work.

2. Plaintiffs now seek to recover unpaid minimum and overtime wages they are owed as a result of the Defendants' illegal misclassification scheme.

## Parties

3. Jose Marquez has worked as a delivery driver for Defendants from approximately May 2015 until the present.

4. Angel Chillogallo has worked as a delivery driver for Defendants from approximately March 2014 until the present.

5. German Ortega worked as a delivery driver for Defendants from approximately August 2015 until April 2016.

6. Defendant Paulys Pizzaria Grand, Inc. is an Illinois corporation that operates Tortorice's Pizza restaurants in Chicago, Illinois.

7. Defendants Bill Loumbardias and Bill Litsogiannis own and operate multiple Tortorice's Pizza restaurants throughout the greater Chicago area.

8. During relevant times, Defendants constituted an "enterprise" as that term is defined in the FLSA because they performed related activities (either through unified operation or common control) for a common business purpose – namely, operating multiple pizza restaurants – the revenue of which exceeds $500,000 annually.

## Jurisdiction and Venue

9. Venue is proper in this district because, at all relevant times, Defendants employed Plaintiffs in Cook County and this judicial district.

10. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

**Facts**

11. During relevant times, Plaintiffs worked for Defendants as pizza delivery drivers.

12. Defendants did not pay Plaintiffs the minimum wage for all hours worked.

13. Defendants paid Plaintiffs only the delivery charge paid by each customer, which usually amounted to $3.00 per delivery.

14. Defendants did not pay Plaintiffs any hourly wage.

15. Defendants did not pay Plaintiffs one-and-a-half times their regular rate for hours worked in excess of forty in a workweek.

16. When Plaintiff Marquez worked for Defendants, he worked – on average – twenty-two to twenty-eight hours per week. During an average week, he frequently drove his car over 300 miles performing deliveries. During an average week, Defendants typically paid him about $180-220 in delivery charges. Defendants never reimbursed him for his mileage expenses.

17. When Plaintiff Chillogallo worked for Defendants, he worked – on average – fifty to sixty hours per week. During an average week, he frequently drove his car over 500 miles performing deliveries. During an average week, Defendants typically paid him about $350-$500 in delivery charges. Defendants never reimbursed him for his mileage expenses.

18. When Plaintiff Ortega worked for Defendants, he worked – on average – fifty to sixty hours per week. During an average week, he frequently drove his car over 500 miles performing deliveries. During an average week, Defendants typically paid him about $300-$400 in delivery charges. Defendants never reimbursed him for his mileage expenses.

    **A.    Defendants' Control Of The Way That Plaintiffs Performed Their Jobs.**

19. Defendants classified Plaintiffs as independent contractors despite exerting significant control over the manner in which they performed their work.

20. Defendants required Plaintiffs to wear a uniform when delivering pizzas.

21. Defendants required Plaintiffs to work certain shifts. They were disciplined if they arrived late for a shift, and they were prohibited from leaving before their shift ended.

22. At times, Defendants required Plaintiffs to run errands for the store. They required Plaintiffs to drop off deposits at the bank or deliver or pick up pizza ingredients from other Tortorice's locations.

23. During relevant times, if Plaintiffs wished to take vacations, then Defendants required Plaintiffs to obtain permission from Defendants' management before taking that time off work.

24. Defendants set the amount charged for each delivery, and Plaintiffs could not charge Defendants' customers any different amount for deliveries.

25. Defendants provided the Plaintiffs and the Class with many of the tools necessary to perform their jobs, including pizza bags, plates, napkins, pizza boxes, and cheese and pepper packets, while requiring Plaintiffs and the Class to provide their own vehicles, gasoline, and vehicle insurance.

26. Plaintiffs were required to perform all deliveries that management assigned to them.

27. When delivering pizzas, Defendants frequently prohibited Plaintiffs from taking more than one customer's order at a time.

28. Plaintiffs were not permitted to turn down deliveries that were assigned to them.

    **B. Defendants' Failure To Pay Overtime Premium Pay.**

29. Defendants never paid Plaintiffs one-and-a-half times their regular hourly rate of pay for hours worked in excess of forty in a workweek.

30. Defendants misclassified Plaintiffs as independent contractors even though they retained substantial control over their work.

### C. Defendants' Failure To Pay The Minimum Wage.

31. Defendants never paid Plaintiffs the minimum wage required by the FLSA, IMWL, or the Ordinance.

32. Defendants misclassified Plaintiffs as independent contractors even though they retained substantial control over their work.

33. Plaintiffs received tips for some of their deliveries, but Defendants never made the disclosures required by 29 C.F.R. § 531.59 because they misclassified Plaintiffs as independent contractors.

### Collective and Class Allegations

34. Plaintiffs bring the claims set forth in Count I, alleging violations of the FLSA minimum wage provisions, as an opt-in representative or collective action on behalf of themselves and an **"FLSA Minimum Wage Class,"** consisting of all delivery drivers who worked for Tortorice's pizza restaurants owned or operated by Defendants between July 6, 2013 and July 6, 2016 and who were paid a regular rate of less than $7.25 per hour.

35. Plaintiffs bring the claims set forth in Count II, alleging violations of the FLSA overtime provisions, as an opt-in representative or collective action on behalf of themselves and an **"FLSA Overtime Class,"** consisting of all delivery drivers who worked for Tortorice's pizza restaurants owned or operated by Defendants between July 6, 2013 and July 6, 2016 and who worked in excess of forty hours in a workweek.

36. Plaintiffs bring the claims set forth in Count III, alleging violations of the IMWL minimum wage provisions, as a Rule 23 class action on behalf of themselves and an **"IMWL**

**Minimum Wage Class,"** consisting of all delivery drivers who worked for Tortorice's pizza restaurants owned or operated by Defendants between July 6, 2013 and July 6, 2016 and who were paid a regular rate of less than $4.95 per hour.

37. Plaintiffs bring the claims set forth in Count IV, alleging violations of the IMWL overtime provisions, as a Rule 23 class action on behalf of themselves and an **"IMWL Overtime Class,"** consisting of all delivery drivers who worked for Tortorice's pizza restaurants owned or operated by Defendants between July 6, 2013 and July 6, 2016 and who worked in excess of forty hours in a workweek.

38. Plaintiffs bring the claims set forth in Count V, alleging violations of the minimum wage provisions of the City of Chicago Minimum Wage Ordinance, as a Rule 23 class action on behalf of themselves and an **"Ordinance Minimum Wage Class,"** consisting of all delivery drivers who worked for Tortorice's pizza restaurants owned or operated by Defendants between July 1, 2015 and July 6, 2016 and who were paid a regular rate of less than $5.45 per hour.

39. Plaintiffs bring the claims set forth in Count VI, alleging violations of the overtime provisions of the City of Chicago Minimum Wage Ordinance, as a Rule 23 class action on behalf of themselves and an **"Ordinance Overtime Class,"** consisting of all delivery drivers who worked for Tortorice's pizza restaurants owned or operated by Defendants between July 1, 2015 and July 6, 2016 and who worked in excess of forty hours in a workweek.

40. The classes defined above satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b).

41. The Rule 23 Classes described above are so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a

class action will provide substantial benefits to both the parties and the Court. The Classes include at least 40 delivery drivers.

42. Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact include, among others, the following:

    a. Whether Defendants had a common policy of misclassifying drivers as independent contractors for purposes of the IMWL and the Ordinance;

    b. Whether Defendants denied Plaintiffs and the putative Class Members minimum wages due and owing under the IMWL and the Ordinance;

    c. Whether Defendants denied Plaintiffs and the putative Class Members overtime premium pay for hours worked in excess of forty in a workweek.

43. Plaintiffs will fairly and adequately protect the interests of all class members. Class Representatives are members of the Subclasses. Class Representatives' claims are typical of the claims of all class members. Class Representatives' interests in obtaining monetary relief for Defendants' violations of the class members' rights are consistent with and are not antagonistic to those of any person within the classes.

44. Class Representatives have retained counsel competent and experienced in complex and class action litigation.

45. A class action is superior to other methods for the fair and efficient adjudication of the controversy alleged in this Complaint. Class action treatment will permit a large number of similarly situated persons to prosecute their modest, common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

46. The Court is not likely to encounter any difficulties that would preclude it from maintaining this case as a class action, and no superior alternative exists for the fair and efficient

adjudication of this controversy. Individualized litigation also would present the potential for inconsistent or contradictory judgments.

## Count I – Fair Labor Standards Act – Minimum Wage Claim

47. Plaintiffs incorporate all prior allegations as if fully stated herein.

48. Defendants employed Plaintiffs and other putative class members because they permitted them to deliver their pizzas and exerted substantial control over the manner in which the drivers performed their work.

49. Defendants did not pay Plaintiffs or other putative class members $7.25 per hour for all hours worked in a workweek.

50. Defendants' FLSA violations were willful.

## PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

a. Certifying this case as a collective action pursuant to 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid minimum wages due and owing to Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other and further relief as this Court deems appropriate and just.

## Count II – Fair Labor Standards Act – Overtime Claim

51. Plaintiffs incorporate all prior allegations as if fully stated herein.

52. Defendants employed Plaintiffs and other putative class members because they permitted them to deliver their pizzas and exerted substantial control over the manner in which the drivers performed their work.

53. Plaintiffs and other putative class members regularly worked over forty hours per week for Defendants.

54. Defendants never paid Plaintiffs one-and-a-half times their regular hourly rate for hours worked in excess of forty in a workweek.

55. Defendants' FLSA violations were willful.

## PRAYER FOR RELIEF

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

a. Certifying this case as a collective action pursuant to 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other and further relief as this Court deems appropriate and just.

## Count III – Illinois Minimum Wage Law – Minimum Wage Claim

56. Plaintiffs incorporate all prior allegations as if fully stated herein.

57. Defendants employed Plaintiffs and other putative class members because they permitted them to deliver their pizzas and exerted substantial control over the manner in which the drivers performed their work.

58. Defendants did not pay Plaintiffs and other putative class members a regular rate of $4.95 per hour during any workweek.

## **PRAYER FOR RELIEF**

Plaintiffs ask the court to enter judgment against Defendants and issue an order:

a. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Appointing Plaintiffs as representatives of the IMWL Minimum Wage class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violate 820 ILCS 105/4;

e. Awarding Plaintiffs compensatory damages in an amount to be determined at trial;

f. Awarding Plaintiffs prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

g. Awarding Plaintiffs unpaid wages due as provided by the IMWL;

h. Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

i. Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

j. Awarding such other relief as this Court deems just and proper.

### **Count IV – Illinois Minimum Wage Law – Overtime Claim**

59. Plaintiffs incorporate all prior allegations as if fully stated herein.

60. Defendants employed Plaintiffs and other putative class members because they permitted them to deliver their pizzas and exerted substantial control over the manner in which the drivers performed their work.

61. Plaintiffs frequently worked for Defendants in excess of forty hours in a workweek. Defendants did not pay Plaintiffs and other putative class members one-and-a-half times their regular rate of pay for hours worked in excess of forty in a workweek.

## **PRAYER FOR RELIEF**

Plaintiffs ask the court to enter judgment against Defendants and issue an order:

a. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Appointing Plaintiffs as representatives of the IMWL Overtime class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violate 820 ILCS 105/4;

e. Awarding Plaintiffs compensatory damages in an amount be determined at trial;

f. Awarding Plaintiffs prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

g. Awarding Plaintiffs unpaid wages due as provided by the IMWL;

h. Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

i. Awarding reasonable attorneys' fees and costs of this action as provided by the IMWL;

j. Awarding such other relief as this Court deems just and proper.

### **Count V – City of Chicago Minimum Wage Ordinance – Minimum Wage Claim**

62. Plaintiffs incorporate all prior allegations as if fully stated herein.

63. Defendants employed Plaintiffs and other putative class members because they permitted them to deliver their pizzas and exerted substantial control over the manner in which the drivers performed their work.

64. Defendants did not pay Plaintiffs and other putative class members a regular rate of $5.45 per hour during any workweek.

## PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment against Defendants and issue an order:

a. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Appointing Plaintiffs as representatives of the Ordinance Minimum Wage class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violate the Ordinance;

e. Awarding Plaintiffs prejudgment interest on the back wages;

f. Awarding Plaintiffs unpaid wages due as provided by the Ordinance;

g. Awarding penalties in the amount of triple damages as provided in the Ordinance;

h. Awarding reasonable attorneys' fees and costs of this action;

i. Awarding such other relief as this Court deems just and proper.

### Count VI – City of Chicago Minimum Wage Ordinance – Overtime Claim

65. Plaintiffs incorporate all prior allegations as if fully stated herein.

66. Defendants employed Plaintiffs and other putative class members because they permitted them to deliver their pizzas and exerted substantial control over the manner in which the drivers performed their work.

67. Plaintiffs frequently worked for Defendants in excess of forty hours in a workweek. Defendants did not pay Plaintiffs and other putative class members at least $10.45 for hours worked in excess of forty in a workweek.

## PRAYER FOR RELIEF

Plaintiffs ask the court to enter judgment against Defendants and issue an order:

    a.    Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    b.    Appointing Plaintiffs as representatives of the Ordinance Overtime Class;

    c.    Appointing the undersigned counsel as class counsel;

    d.    Declaring that the actions complained of herein violated the Ordinance;

    e.    Awarding Plaintiffs prejudgment interest on the back wages;

    f.    Awarding Plaintiffs unpaid wages due and owing under the Ordinance;

    g.    Awarding penalties in the amount of triple damages as provided by the Ordinance;

    h.    Awarding reasonable attorneys' fees and costs of this action;

    i.    Awarding such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues as to which a jury trial is available.

Respectfully submitted,

/s/Christopher J. Wilmes_____
One of the Attorneys for the Plaintiffs

Matthew J. Piers (Illinois Bar No. 2206161)
Christopher J. Wilmes (Illinois Bar No. 6287688)
HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD.
Three First National Plaza
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
312-580-0100